Judge Marshall
delivered tlie opinion of the Court.
Cottrell filed his bill against Moody, Haynes, and others alleging in substance, that a flagrant trespass had been committed upon his property by lulling, crippling and worrying his cattle, whereby he had sustained damage to the amount of $ 1,000, that he had brought on action of trespass against them to recover for the injury, and that bail had been required, and by some of the defendants given. But that Moody, after being arrested, had escaped, and was avoiding recapture — that Moody, and Haynes, were the only defendants who had property, from which his expected judgment could be satisfied, and that they had fraudulently disposed of a part and were fraudulently disposing of the residue of their property for the purpose, and with the effect if successful of defeating the satisfaction of the judgment which he expected to recover against them and others. And he prays restraining orders and attachments against them, and against persons holding their property or indebted to them, so as finally to secure the subjection of their property and means to the satisfaction of the expected judgment. The bill also prays that the defendants may make disclosures as to their own participation and othat of others in the alleged trespass. A demurrer to the bill was sustained, and the bill having been dismissed, the complainant appeals to this Court for a reversal of the decree.
In support of the decree it is contended 1st, that tb© bill does not positively alledge that the defendants: were [guilty ¡of the trespass. 2d, that the defendant *501 were not bound to make a discovery which might subject them to a penal prosecution for malicious mischief. And 3d, that the Court of equity has no jurisdiction to grant the relief sought for in aid of the action of trespass.
On a bill filed by a plaintiff' to restrain the sale of the defendants properly to prevent its liability for damages which the complainant expects to recover for a trespass the chancelorl rnayrestramsueh sale. It issuffi-cientto aver the pendency of the suit at law — that defendant are believed by coin plainant to be guilty, and slates hat the amount which complainant expects to recover, and his belief that defendant is about fraudulently to dispose of his property to evade the payment of the damages.
1. With regard to the first objection it is to be observed (and the observation applies also to the last,) that the bill does not propose to bring into the equitable forum the question whether the defendants were guilty of the alleged trespass, but the complainant has instituted the proper action for the trial of that question in a Court of law, and only invokes the ancillary jurisdiction of the chancellor to prevent the defendants from fraudulently depriving him of the anticipated fruits of that action. If the defendants were to answer denying their guilt in the most positive manner, there would still be no issue triable in equity, and the Court would await the result of the trial at law as furnishing the only proper evidence of guilt or innocence. It seems to follow irom this consideration, that the same certainty and particularity is not requisite in a bill of this character as in a bill requiring the chancellor to grant or withhold final relief upon his own ascertainment of facts; and that if the ancillary jurisdiction may be-exercised in aid of an action of trespass, it will suffice that the bill invoking it, shall show certainly that the action is brought in good faith, and that complainant verily believes, and has good cause to believe that the defendants or those against whom the provisional relief is sought, were guilty and will be convicted of the trespass alleged. His liability upon his bond, and in an action on the case for damages, if the proceeding be groundless, furnish some guarantee that he is acting in good faith and. some ground for confidence in the first instance on the part of the Chancellor. But independently of this view, we are of opinion that the bill does not only express a belief that the defendants are guilty, but states in positive terms that they committed, a part at least of the trespass referred to, and moreover states facts, which if true, would in the absence of countervailing proof make *502 them all guilty of all the trespasses alleged. It states “ that the defendants swore that they would kill, and that his stock should be destroyed if he turned it upon the range aforesaid, that in pursuance of said threat said defendants as he verily believes, w-ant'only and maliciously killed 38 or 40 head of said cattl,e, worth $18 per head — that they the defendants shot and crippled 17 more of his cattle, and so run, worried, and abused his entire lot oí 139 head, &c.” The charge is scarcely mitigated or qualified by the words “as he verily believes,” which may apply to “ wantonly and maliciously” as describing the motive of the defendants, and not to the statement that they killed the 40 cattle. But those words do not apply to the shooting and crippling, &c., which is positively charged, and is sufficient to constitute a trespass.
The jurisdiction of the chancellor to interpose to prevent, and defendant in trespass from, disposing of his property and effects to avoid the judgment which may be recovered, is ancillary to that of the Court of law— as that of the chancellor is to preserve the sub ject of an action at law from removal or sale, until the question of right is settled at law — ■ Is not the principle of this case recognized in Lillard ys McGee: (4 Bibb Í67, Rep.
*502 2. As to the second objection, it is sufficient to say that however true it may be in fact, the only consequence is, that the defendants were not bound to answer the interrogations which would subject them to prosecutions, but the fact that such interrogatories are contained in a bill seeking relief, is no ground for a demurrer to the whole bill.
3. The question whether the chancellor may interpose in aid of an action of trespass as asked to do in this case, is not free from difficulty. But a party whose property has been seriously injured by a trespass or other tort is as much entitled to recover the damages which he has sustained, as if the injury consisted in the non performance of a contract, the law intends that his remedy in the legal forum for the first shall be as complete and effectual as for the last. The aid of the Chancellor may be as necessary for the effectuation of the legal remedy in the one case as in the other, and upon the same grounds. And as the exercise of the ancillary jurisdiction does not necessarily bring the question of legal liability before the Court of equity, and does not imply or depend upon the power of the Chancellor to ascertain and decree the demand itself, *503 but only to aid the legal remedy by which it is to be ascertained and adjudged, the fact that the demand arises out of a trespass for which hq cannot decree compensation, does not of itself furnish a reason for his noninterference. If the judgment were already obtained, the Chancellor might undoubtedly interpose to subject the defendants property to its satisfaction, where he had interposed obstacles to the legal remedy.
Woodson for appellant; Adams and Harrison for ap-pellees.
So the Chancellor will interpose to preserve the sub' ject of the action at law as in ejectment or detinue, even before judgment. And in analogy to these instances and to the interposition authorized in cases of contract, we are of opinion that when there is sufficient probability of a judgment being obtained, the Chancellor may and should interpose to prevent the legal remedy from being defeated by fraud.
We think therefore, that the Court of equity had jurisdiction to grant and to maintain the restraining orders and attachments prayed for in this bill until the trial of the action of trespass, and then to discharge them or apply the effects to the satisfaction of the demand, accoi’ding to the result of that trial.
Wherefore the decree is reversed, and the cause remanded with directions to overrule the demurrer to the bill, and for further proceedings consistent with this opinion.